UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

INSURANCE ASSOCIATES OF LAMAR
COUNTY, LLC, and INSURANCE ASSOCIATES
OF MAGEE, INC.                                                                                          PLAINTIFFS

v.                                                                           CIVIL ACTION NO. 2:14cv97-DPJ-FKB

LEE BOLLING                                                                                            DEFENDANTS

ORDER

This case alleging claims under the Computer Fraud and Abuse Act ("CFAA") and Mississippi law is before the Court on Plaintiffs' Motion for Preliminary Injunction [7]. For the reasons that follow, the motion is granted.

I.      Facts and Procedural History

Plaintiffs Insurance Associates of Lamar County, LLC, and Insurance Associates of Magee, Inc., are Mississippi-based insurance agencies. Plaintiffs hired Defendant Lee Bolling as a customer-service representative in February 2011. According to the Complaint and record evidence, Bolling "had limited access to [Plaintiffs'] client's files, which were stored on the remote server in Magee, Mississippi . . . to enable him to service Plaintiff[s'] customers." Compl. [1] ¶ 9. But Bolling did not "have unlimted access to all of [Plaintiffs'] customer files and reports e.g., certain business reports and client lists, as those files were restricted to allow only certain persons employed by Plaintiff[s] to access those lists and reports." *Id.*; *see also* Keyes Aff. [1-2] ¶ 6.

In November 2013, Bolling "unexpectedly resigned without giving notice." Compl. ¶ 11. After he resigned, Plaintiffs discovered that Bolling "had surreptitiously and impermissibly installed a program ('GoToMyPC') on his computer that had been allowing him to access his

[work] computer remotely." *Id.* ¶ 12. Soon thereafter, Plaintiffs "began receiving Agent of Record Letters stating that certain [of Plaintiffs'] clients wished to have the Joiner-Sigler Insurance Agency[, where Bolling is now employed,] be their agent of record." *Id.* ¶ 13. Plaintiffs ultimately learned that "on or about November 11, 2013, Bolling impermissibly used [his supervisor's] password and gained unauthorized access to confidential data, generated proprietary company reports stored on Plaintiff[s'] remote server . . . , and then emailed them to himself." *Id.* ¶ 17; *see also* Keyes Aff. ¶¶ 7–9. The accessed files included Plaintiffs' client lists, which contain insureds' personal and property data and policy expiration dates. Armed with this information, Bolling "has been aggressively contacting Plaintiff[s'] clients to sell the same, or similar, services and products" as those offered by Plaintiffs. Compl. ¶ 22.

Plaintiffs filed their Complaint for Injunctive Relief and Money Damages on June 27, 2104 [1]. Plaintiffs assert a federal claim for violation of the CFAA and state-law claims for conversion, unfair competition, violation of the Mississippi Trade Secret Act ("MTSA"), Miss. Code Ann. § 75-26-5(1), tortious interference with business relations, and tortious interference with contract. After Bolling answered, Plaintiffs filed their Motion for Preliminary Injunction [7]. Bolling filed a three-page response [10], and Plaintiffs filed a reply [14]. The Court is prepared to rule.

II.     Analysis

Bolling's primary argument in opposition to Plaintiffs' motion is that the Court lacks subject-matter jurisdiction and therefore cannot enter a preliminary injunction. The Court will address the jurisdictional issue first.

A.	Subject-Matter Jurisdiction

Plaintiffs premise federal jurisdiction on 28 U.S.C. § 1331, which provides that district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Bolling argues that Plaintiffs' CFAA claims, which plainly arise under federal law, are substantively deficient insofar as Bolling "was an authorized use[r] of the computer system in question."[1]  Def.'s Resp. [10] at 2.  But jurisdiction under § 1331 is properly invoked when a plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); *see Cervantez v. Bexar Cnty. Civil Service Comm'n*, 99 F.3d 730, 733 (5th Cir. 1996) ("The assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case.").  Federal-question jurisdiction can be defeated only if the federal claim is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).  Because Plaintiffs pleaded a colorable CFAA claim, federal-question jurisdiction exists, and the Court has supplemental jurisdiction over Plaintiffs' state-law claims.  28 U.S.C. § 1367(a).

B.	Motion for Preliminary Injunction

At the outset, the Court will rule on the motion without an oral hearing.  The Fifth Circuit requires a district court to hold "a meaningful hearing" if "factual disputes are presented." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (internal quotation marks omitted).  "If no factual dispute is involved, however, no oral hearing is required; under such circumstances the parties need only be given 'ample opportunity to present their respective views

---

[1] Bolling did not move to dismiss the CFAA claim under Rule 12(b)(6).

of the legal issues involved.'" *Id.* (quoting *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 332, 342 (5th Cir. 1984)).

In this case, the parties received such an opportunity. Plaintiffs presented record evidence—including affidavit testimony—supporting their claims. Bolling failed to present any record evidence in response. Because there exist no factual disputes, no hearing is necessary.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council,* Inc., 555 U.S. 7, 24 (2008). To obtain this relief, Plaintiffs must demonstrate four familiar requirements:

> (1) [a] substantial likelihood of success on the merits; (2) [a] substantial threat that plaintiff[s] will suffer irreparable injury; (3) [that the] injury outweighs any harm the injunction might cause the defendant[s]; and (4) [that the] injunction is in the public interest.

*Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). Plaintiffs primarily rely on their CFAA and MTSA claims as providing an appropriate basis for preliminary injunctive relief. Because the analysis under the MTSA is clearer, the Court will address that claim exclusively.

    1.    Substantial Likelihood of Success on the Merits

"To assess the likelihood of success on the merits, [the Court] look[s] to 'standards provided by the substantive law.'" *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (quoting *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)). "A plaintiff is not required to prove its entitlement to summary judgment in order to establish a 'substantial likelihood of success on the merits' for preliminary injunction purposes." *Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009).

The MTSA permits the Court to enjoin "[a]ctual or threatened misappropriation" of a trade secret. Miss. Code. Ann. § 75-26-5(1).

> Generally, to establish trade secret misappropriation, the complaining party must demonstrate: 1) that a trade secret existed; 2) that the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and 3) that the use of the trade secret was without the plaintiff's authorization.

*Union Nat. Life Ins. Co. v. Tillman*, 143 F. Supp. 2d 638, 643 (N.D. Miss. 2000) (citation omitted). The Court concludes that Plaintiffs have demonstrated a substantial likelihood that they can establish all of these elements.

      a.      Trade Secret

The statute defines "trade secret" as information that:

> (i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Miss. Code. Ann. § 75-26-3(d). The Mississippi Supreme Court has concluded that a client list similar to the lists Bolling allegedly took from Plaintiffs constitutes a trade secret under the statute. *Fred's Stores of Miss., Inc. v. M & H Drugs, Inc.*, 725 So. 2d 902, 908–11 (Miss. 1998). Following *Fred's*, the Court concludes that Plaintiffs are substantially likely to establish that the lists Bolling took constitute a trade secret.[2]

---

[2]The Mississippi Supreme Court has noted that a non-disclosure agreement "is not per se required under a § 75-26-3(d) analysis." *Marshall v. Gipson Steel, Inc.*, 806 So. 2d 266, 272 (Miss. 2002); *see also B & G Gulf Coast Props., LLC v. Demo Diva, L.L.C.*, No. 1:10CV143-RHW, 2012 WL 1025725, at *4 (S.D. Miss. Mar. 26, 2012). So the fact that Bolling may not have signed a contract providing that the information he took was confidential is not dispositive on the question of whether that information constitutes a trade secret under Mississippi law.

b.     Improper Means

The MTSA defines misappropriation as "[a]cquisition of a trade secret . . . by improper means," and defines improper means as including "theft, bribery, misrepresentation, breach . . . of a duty to maintain secrecy, or espionage through electronic or other means." Miss. Code Ann. § 75-26-3(b) & (a). Plaintiffs allege that Bolling obtained the client lists by using his supervisor's password, without her authorization, to access the files, which he then emailed to himself. They then presented unrebutted affidavits providing circumstantial proof of their averment. In this posture, and without a substantive response from Bolling on the MTSA claim, the Court finds this element met.[3]

c.     Unauthorized Use

Finally, a plaintiff asserting a claim under the MTSA must show that the defendant used the trade secret in a manner that was unauthorized. Plaintiffs' allegation—supported by record evidence—that Bolling used its client lists to solicit Plaintiffs' customers satisfies this element at this stage. Plaintiffs have established a substantial likelihood of success on the merits of their MTSA claim.

2.     Substantial Threat of Irreparable Injury

"The central inquiry in deciding whether there is a substantial threat of irreparable harm to the plaintiff is whether the plaintiff's injury could be compensated by money damages." *Tillman*, 143 F. Supp. 2d at 644–45 (citing *City of Meridian v. Algernon Blair, Inc.*, 721 F.2d

---

[3]Bolling asserts that, for purposes of Plaintiffs' CFAA claim, he was authorized to use his computer so his conduct, even if exceeding that authorization, are not actionable. Assuming Bolling is correct that authorization to use the computer is fatal to a CFAA claim, there is no indication that a similar result should be reached under the MTSA.

525, 529 (5th Cir. 1983)). "A loss of a business' customers and damage to its goodwill are widely recognized as injuries incapable of ascertainment in monetary terms and may thus be irreparable." *Id.* (citing *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810 (5th Cir. 1989)).  Plaintiffs have alleged that they have lost and continue to lose customers and goodwill as a result of Bolling's actions.  These allegations suffice to establish a substantial threat of irreparable injury.

        3.     Balance of Harms

The balance of harms favors granting the injunction.  As stated, Bolling's continued use of Plaintiffs' lists may cause Plaintiffs to lose more customers.  Any harm to Bolling resulting from an inability to use Plaintiffs' client lists to solicit customers would ultimately be temporary if the Court rules in Bolling's favor.

        4.     Public Interest

Finally, entering an injunction will not disserve the public interest.  *See Tillman*, 143 F. Supp. 2d at 646 (concluding that "the public has an interest in not allowing parties to . . . disclose trade secrets").  Plaintiffs have met the requirements for the issuance of a preliminary injunction.

III.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction [7] is granted.  Defendant Lee Bolling is hereby ENJOINED from using or disclosing any of Plaintiffs' trade secret information pending the resolution of this litigation.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2014.

                                       s/ *Daniel P. Jordan III*
                                       UNITED STATES DISTRICT JUDGE